In re John D. LA FLAMME a/k/a Dan La Flamme, Debtor.

**FIRST NATIONAL BANK OF GRIFFIN, Plaintiff,**

v.

**John D. LA FLAMME a/k/a Dan La Flamme and Helen J. Thompson, Defendants.**

Bankruptcy No. 81–00050N.
Adv. No. 81–0053N.

United States Bankruptcy Court,
N. D. Georgia,
Newnan Division.

Aug. 11, 1981.

John T. Newton, Jr., Carlisle & Newton, Griffin, Ga., for plaintiff.

Ronald Rigsby, College Park, Ga., for defendant La Flamme.

Eugene W. Dabbs, IV, Griffin, Ga., for defendant Thompson.

## ORDER

W. Homer DRAKE, Jr., Bankruptcy Judge.

On November 13, 1978, the above-referenced debtor executed a promissory note in the principal sum of $21,000.00 to the First National Bank of Griffin. The note was secured by a 1974 Marmon tractor and a 1974 Dorsey trailer. This note was endorsed by Helen J. Thompson. Ms. Thompson gave the First National Bank of Griffin a security interest in 116.4 acres of real property located in Pike County, Georgia, to further secure said promissory note. On February 4, 1981, John D. La Flamme filed his petition under Chapter 13 of the Bankruptcy Code. On April 13, 1981, the First National Bank of Griffin filed its complaint to modify the stay against the codebtor, Helen J. Thompson. A preliminary hearing was held on May 8, 1981. At that time, this Court heard evidence and argument of counsel and took the above matter under advisement.

The question in the instant case is whether the codebtor stay of 11 U.S.C. § 1301 is applicable. 11 U.S.C. § 1301 states that:

"... a creditor may not act, or commence or continue any civil action, to collect all or any part of a consumer debt of the debtor from any individual that is liable on such debt with the debtor, or that secured such debt, ..."

The debt in the case *sub judice* is not a consumer debt. 11 U.S.C. § 101(7) defines consumer debt to be a "debt incurred by an individual primarily for a personal, family, or household purpose." $20,000.00 of the $21,000.00 proceeds of the loan in question went to the purchase of a tractor and trailer for Mr. La Flamme's business. Clearly, this debt was not incurred primarily for consumer purposes.

The debtor has argued that the phrase contained in 11 U.S.C. § 1301, "to collect all or any part of a consumer debt" as applied in the instant case would limit the First National Bank of Griffin from proceeding against a codebtor as $1,000.00 of the total loan may have been used for consumer purposes. The plain meaning of the language which constitutes 11 U.S.C. § 1301 will not allow for this result. At best, the part of the loan which was used for consumer purposes would come within the scope of this section. However, as explained above, the debt in the instant case was not a consumer debt as defined by 11 U.S.C. § 101(7) and, therefore, not within the scope of 11 U.S.C. § 1301.

Therefore, this Court orders that the codebtor stay of 11 U.S.C. § 1301 is not applicable to the defendant, Helen J. Thompson, in the instant case, and that the First National Bank of Griffin may proceed against Ms. Thompson to recover its security on the promissory note which is the subject of this Order.

IT IS SO ORDERED.